**SLIP OP 12 - 81**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| MACLEAN-FOGG COMPANY, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED STATES,<br><br>    Defendant. | Before: Donald C. Pogue,<br>        Chief Judge<br><br>Consol. Court No. 11-00209 |

**MEMORANDUM AND ORDER**

[Plaintiffs' motion for reconsideration granted in part and denied in part.]

Dated: June 13, 2012

   Thomas M. Keating, and Lisa M. Hammond, Hodes, Keating and Pilon, of Chicago, IL, for Plaintiffs Maclean-Fogg Co. and Fiskars Brands, Inc.

   Mark B. Lehnardt, Lehnardt & Lehnardt LLC, of Liberty, MO, for the Plaintiff-Intervenors Eagle Metal Distributors, Inc. and Ningbo Yili Import and Export Co., Ltd.

   Craig A. Lewis, Theodore C. Weymouth, and Brian S. Janovitz, Hogan Lovells US LLP, of Washington, DC, for the Plaintiff-Intervenor Evergreen Solar, Inc.

   Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for the Defendant. With her on the briefs were Stuart F. Delery, Assistant Attorney General; Jeanne E. Davidson, Director; and Reginald T. Blades Jr., Assistant Director. Of counsel on the briefs were, Joanna Theiss, Office of the Chief Counsel for Import Administration, United States Department of Commerce, and

   Stephen A. Jones, Christopher T. Cloutier, Daniel L. Schneiderman, Gilbert B. Kaplan, Joshua M. Snead, and Patrick J. Togni, King and Spalding LLP, of Washington, DC, for the Defendant-Intervenor Aluminum Extrusions Fair Trade Committee.

**Pogue, Chief Judge**: In prior proceedings in this matter, joint Plaintiffs, four domestic importers and one exporter of extruded aluminum, challenged the 374.15% all-others countervailing duty ("CVD") rate set by the Department of Commerce ("the Department" or "Commerce") in its investigation of their goods imported from the People's Republic of China. The court held that the Department's applicable regulation was permitted by ambiguity in the statute governing the all-others rate, but it also found the rate unreasonable and remanded it to Commerce for reconsideration. MacLean-Fogg Co. v. United States, Slip Op. 12-47, 2012 WL 1129374 (CIT Apr. 4, 2012)("MacLean-Fogg I").[1]

Despite the court's remand order, Plaintiffs, pursuant to USCIT Rule 59, now seek reconsideration of the court's opinion.[2] Plaintiffs assert that there was legal error in the court's 1) decision not to address Commerce's preliminary provisional rate determination and 2) failure to conclude that statutory term "individually investigated" is unambiguous when considered in the light of the Statement of Administrative Action accompanying the Uruguay Round Agreements Act, H.R. Doc. No. 103-316, vol. 1 (1994)

---

[1] Familiarity with the court's April 4, 2012 opinion is presumed. Commerce's remand redetermination is due June 25, 2012.

[2] USCIT Rule 59 provides that a "rehearing may be granted . . . for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."

reprinted in 1994 U.S.C.C.A.N. 4040 ("SAA").

As explained below, Plaintiffs' first assertion is partially correct, while Plaintiffs' second assertion is not. Accordingly, Plaintiffs' motion is granted in part.

**STANDARD OF REVIEW**

The court will grant a rehearing when there has been: "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." See, e.g., Target Stores v. United States, 31 CIT 154, 156, 471 F. Supp. 2d 1344, 1347 (2007). However, the court does not grant a motion for rehearing merely to permit the losing party another chance to re-litigate the case. USEC, Inc. v. United States, 25 CIT 229, 230, 138 F. Supp. 2d 1335, 1336-37 (2001). Rather, the moving party must show that the court committed a "fundamental or significant flaw" in the original proceeding. Id.

**DISCUSSION**

Plaintiffs first assert that the court erred in failing to address Plaintiffs' challenge to the 137.65% preliminary or provisional all-others rate set by the preliminary determination, Aluminum Extrusions from the People's Republic of China, 75 Fed. Reg. 54,302 (Dep't Commerce Sept. 7, 2010) (preliminary

affirmative CVD determination) ("Preliminary Determination"). That provisional rate was later replaced by the final 374.15% rate, published in Aluminum Extrusions from the People's Republic of China, 76 Fed. Reg. 18,521 (Dep't Commerce Apr. 4, 2011) (final affirmative CVD determination) ("Final Determination") and accompanying Issues and Decision Memorandum, (Mar. 28, 2011), Admin. R. Pub. Doc. 465, available at http://ia.ita.doc.gov/frn/summary/PRC/2011-7926-1.pdf (last visited on June 12, 2012) ("I&D Memo"), the rate remanded for reconsideration.  Nonetheless, Plaintiffs argue that, in addition to the court's review and remand of the final rate, the preliminary provisional all-others rate must also be subject to judicial review.

In MacLean-Fogg I, the court declined to address Plaintiffs' challenge to the preliminary rate, noting that "the court's jurisdiction under 28 U.S.C. § 1581(c) is to review final agency action."  MacLean-Fogg, 2012 WL 1129374 at n.11.  While the court's statement is correct, it is insufficient.  Rather, review of a temporary provisional rate may be appropriate in the circumstances here.  See 19 U.S.C. § 1516a(a)(2)(A); 19 U.S.C. § 1516a(b)(1)("The court shall hold unlawful any determination, finding or conclusion found . . . ."); H.R. Rep. NO. 1235, 96th Cong., 2d Sess. 48 (1980), reprinted in 1980 U.S.C.C.A.N. 3729, 3759–60.  Here Plaintiffs properly preserved their request for

Consol. Court No. 11-00209                                          Page 5

review of Commerce's preliminary rate determination by raising the issue for decision in the Final Determination. See I&D Memo at 54, Comment 12 ("Whether the Department Should Retroactively Revise the All Others Rate from the Preliminary Determination . . . ."); see also 5 U.S.C. § 704 ("A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."). Such review is appropriate where the statute so provides. Id. ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). Here the applicable statute, 19 U.S.C. § 1516a(a)(2)(A), provides for review.

  Nonetheless, considered in light of the court's remand of the Final Determination, Plaintiffs' request for review of the temporary provisional rate is, in part, moot. In MacLean-Fogg I, Plaintiffs asserted the same substantive challenge to both the preliminary rate and the final rate, claiming that the statute unambiguously prohibited Commerce's rate determination methodology and thus prohibited Commerce's reliance on the regulation utilized to determine the Plaintiffs' CVD rate. MacLean-Fogg, 2012 WL 1129374 at 4. As noted above, the court denied this claim. Id. Thus, this aspect of Plaintiffs' challenge is moot. However, MacLean-Fogg I also found the final rate unreasonable and remanded it for consideration. Id. at 6.

As the court did not decide the reasonableness of the temporary provision rate, that aspect of Plaintiffs' challenge may not be moot.

Specifically, although the final determination sets the on-going cash deposit rate for Plaintiffs' goods, the provisional rate carries some force.[3] Tariff Act of 1930, § 705, as amended, 19 U.S.C. § 1671d(c)(1)(B)[4]; 19 C.F.R. § 351.210(d); <u>Final Determination</u>, 76 Fed. Reg. at 18,523. Plaintiffs may request an administrative review, in which Commerce adjusts (or "caps") the actual payments owed to the lesser of either 1) the cash deposit rate (set by the <u>Preliminary Determination</u>) or 2) the final rate determined upon review. 19 C.F.R. § 351.212(d); <u>Final Determination</u>, 76 Fed. Reg. at 18,523.

Because of its continued applicability as a "cap," Commerce's preliminary provisional rate determination may qualify for reasonableness review. Accordingly, the court will consider this aspect of Plaintiffs' request for consideration when it

---

[3] The preliminary provisional rate functions as the cash deposit rate for goods entered between the publication of the preliminary and final determinations. It is unlikely that this aspect of Plaintiffs' claim would support a request for reasonableness review because any amounts that prove, upon court or administrative review, to be overpayments would be refunded with interest. 19 U.S.C. § 1505. Plaintiffs make no claim that the statutory interest provision is inadequate for entries made between the preliminary and final determinations.

[4] All further citations to the Tariff Act of 1930, as amended, are to Title 19 of the U.S. Code, 2006 edition.

Consol. Court No. 11-00209                                    Page 7

reviews Commerce's remand determination.

Plaintiffs next argue that the court failed to consider language in the SAA when it held that the term "individually investigated" is ambiguous. Specifically, Plaintiffs claim that the use of the word, "investigate," throughout the SAA demonstrates that it must consistently apply to voluntary respondents. This argument is unavailing.

The section of the SAA upon which Plaintiffs rely states that "Commerce . . . will endeavor to investigate all firms that voluntarily provide timely responses in the form required." Uruguay Round Agreements Act, Statement of Administrative Action, H.R. Doc. No. 103-316 (1994), reprinted in 1994 U.S.C.C.A.N. 4040, 4201. But this section is titled "Treatment of Voluntary Respondents." Id. Thus, in this particular section of the SAA, "investigate" does refer to voluntary respondents, but it does not follow that a neutral verb such as "investigate" therefore subsequently always includes voluntary respondents in its scope.[5]

---

[5] Plaintiffs also assert that the court overlooked the meaning of the word, "all," in its prior opinion. However, because a motion for rehearing is not intended to provide litigants an opportunity to re-argue their case, and because Plaintiffs' arguments in this regard do not identify any serious error, this assertion fails. USEC, 25 CIT at 230, 138 F. Supp. 2d at 1336.

## CONCLUSION

For the forgoing reasons, Plaintiffs' motion for reconsideration is **GRANTED** in part and **DENIED** in part.

It is **SO ORDERED**.

  /s/ Donald C. Pogue  
Donald C. Pogue, Chief Judge

Dated: June 13, 2012  
      New York, New York